FAJARDO *v.* CABASSA.

APPEAL from the District Court of Mayagüez.

No. 341.—Decided March 9, 1909.

FORECLOSURE OF MORTGAGE—ABANDONMENT OF ACTION—MOTION OF DEBTOR RE-SPECTING DEPOSIT AND SUBROGATION.—In the case at bar the debtor filed a motion praying that he be allowed to deposit the amount claimed and to sub-rogate a third person to the right of the plaintiff. The plaintiff filed a motion desisting from the continuance of the prosecution, which was granted by the court to his prejudice, with costs, and without prejudice to the decision that might be rendered upon the motion respecting deposit and subroga-tion. This decision having been approved, the court held that it was in con-formity with the law, since the motion for deposit and subrogation could not be left undecided.

ID.—ESTOPPEL—DEPOSIT AND SUBROGATION.—The decision of the court that the deposit was properly made and that from the sum deposited the plaintiff should be paid the amount due him, having been accepted by the latter, he cannot now object to the secretary's making a liquidation of the debt, and to a third person's being subrogated to the rights of the plaintiff after pay-ment has been made.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. López Landrón* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

In summary proceedings instituted in the District Court of Mayagüez in accordance with the provisions of the Mort-gage Law and the Regulations for its Execution, by Mateo Fajardo Cardona, he prayed that Leopoldo Babassa y Pica

be required to pay the sum of $2,000 secured by mortgage upon a number of properties, with interest at the rate of one per cent per month and the costs, which credit had been constituted by public deed of June 11, 1902, by Diego García Saint Laurent in favor of Teresa Camoin y Báez, and assigned by the creditrix to Fajardo by another deed of August 7, 1907, said estate having become the property of Cabassa, according to the registry of property.

The order for the demand for payment having issued, it was served by the marshal on April 14, 1908, and on the following 15th of May, Leopoldo Cabassa y Pica filed a motion in the court to the effect that Alfredo Bravo, as a third person, was disposed to deposit and pay for the account of the defendant the total amount of the claim including principal, interest and costs, upon subrogation in his favor of the mortgage credit for all legal purposes, Bravo being also willing to deposit the money in the office of the secretary of the court before a hearing or discussion of the motion, which is signed, not only by counsel for Cabassa, but also by the latter and Bravo, and it concludes with the following prayer:

"Your petitioner prays this honorable court to make the proper order in due time, to the effect:

"1. That the secretary of this court receive and hold, subject to the disposition of your honor, the total amount in cash covering the principal, interest and costs incurred up to the date of the liquidation in these execution proceedings.

"2. That the liquidation of the principal, interest and costs be made in the proper manner.

"3. That Alfredo Bravo be held to be subrogated, without reservations, with regard to the credit the subject of the execution proceedings for all legal purposes, and

"4. That all this be done without prejudice to the verified liquidation of interest paid and the deductions which may be proper according to vouchers.

"In accordance with the provisions of article 114 of the Mortgage Law in force, your petitioner as the third person in possession of the mortgaged property is only liable for the interest for the two years last past and for that part of the current year which has elapsed.

"And he respectfully prays the honorable court that in any event this deduction of interest from the total amount claimed which is going to be deposited, be considered, for the purposes of the approval of the total final liquidation."

Three days later—that is to say, on the 18th of the said month of May—Alfredo Bravo deposited with the secretary of the court the sum of $3,000 for the purposes mentioned in the motion referred to; and before the motion was decided—that is to say, on September 1, 1908—Mateo Fajardo filed a petition praying that he be held to have discontinued the proceedings, for the proper legal purposes, and, on the next day, the judge rendered the following decision:

"Mateo Fajardo y Cardona is held to have abandoned the proceedings by virtue of the foregoing motion, to his prejudice, and with the costs of the continuation of these proceedings, without prejudice to the decision which may be rendered on the motion of the debtor relating to the deposit and subrogation."

On the 3d of said month of September, a decision was rendered on the motion filed by the debtor, which decision, after setting forth the reasons in support thereof, concludes as follows:

"For these reasons the court is of the opinion that the law and the facts are in favor of the petitioner, and consequently sustains the motion and declares that the deposit has been well made and orders that with said sum ($3,000) the mortgage creditor Mateo Fajardo y Cardona be paid the $2,000 principal he claims and the unpaid interest agreed on at the rate of 1 per cent per month, the liquidation of which shall be previously made by the secretary, and that Alfredo Bravo be subrogated in the right of the former for all legal purposes, the balance of the amount deposited, if there be any after paying the preceding liabilities, to be returned to Bravo."

From these two decisions of September 2 and 3, 1908 Mateo Farjardo took an appeal, the pertinent portions of which we transcribe herewith:

"The petitioner, Mateo Farjardo, through his attorney, has the honor to the state to the court that he takes an appeal from the order

of this court of the third instant, declaring him to have abandoned these proceedings, without prejudice to what might be decided on the motion for the payment of the capital and interest of the mortgage therein sought to be recovered; it being understood that such appeal is from the last particular of the said order appealed from—that is to say, the reservation of what might be decided with regard to the payment mentioned. The petitioner also appeals from the decision rendered on the third instant by this court in the said proceedings, in so far as it orders the liquidation of the principal and interest in order to subrogate Alfredo Bravo in the place of the petitioner as the owner of the mortgage.''

The proper transcript of the record having been received in the office of the secretary of this Supreme Court, for the decision of both appeals, the appellant, Mateo Farjardo, prayed in his brief and subsequently in his oral argument at the hearing, for the reversal of the two decisions appealed from, and that in their stead it be held that the proceedings instituted by him had terminated and that it be ordered that the money deposited by Bravo in the office of the secretary of the lower court be returned, invoking to this end provisions of the Mortgage Law and the Regulations for its Execution and of the Civil Code to show that the mortgage action cannot be suspended or interfered with by the intervention of Alfredo Bravo and that the deposit made by the latter is invalid in law.

We have purposely transcribed the decisions appealed from and the terms in which such appeal was taken, in order to ascertain duly what the matter submitted to our jurisdiction is.

The decision of September 2 only with regard to the clause ''without prejudice to the decision which may be rendered on the motion of the debtor relating to the deposit and subrogation;'' and the other decision of September 3 is the subject of appeal only in so far as it orders the liquidation of the principal and interest in order to subrogate Alfredo Bravo to the place of the petitioner as the owner of the mortgage.

The first of said decisions is final in so far as it holds that Mateo Fajardo has discontinued the proceedings to his prejudice and with the costs of the continuation of the proceedings; and the second is also final in so far as it holds that the deposit of the $3,000 was well made, and orders that payment be made from said sum to the mortgage creditor, Mateo Fajardo y Cardona of the $2,000 principal he claims and the full interest he claims, at the rate of one per cent per month.

We shall confine ourselves, therefore, to considering the particulars which are appealed from in the decisions, ignoring what has become *res judicata*.

We consider that the first decision of September 2 conforms to law as to the clause appealed from, because if at the time Mateo Fajardo filed the motion desisting from the continuation of the proceedings, another motion of the debtor relating to deposit and subrogation was pending, such motion had to be decided also, and could in no event remain pending decision.

The reservation made did not establish any prejudice whatsoever as to the decision of the pending motion, because it could just as well have been favorable as adverse to the purposes of Mateo Fajardo, and as it does not entail any prejudice whatsoever, the appeal in so far as it relates thereto appears to us to be frivolous.

With regard to the appeal taken from the decision of September 3 as to the part to which such appeal is limited, it is obvious that the appellant having consented to and agreed that the deposit had been well made, and that payment be made to him from said sum of the principal and interest at the rate agreed on of one per cent per month, he cannot now contest what he had already accepted, and, consequently he cannot object to the secretary of the court making the proper liquidation for the purpose of making the payment, and after proper payment shall have been made, that Bravo be subrogated in the right of Mateo Farjardo for all legal purposes.

The liquidation and subrogation ordered by the judge are a logical and necessary consequence of the declaration contained in the said decision to the effect that the deposit had been well made, and ordering that from the sum deposited the mortgage creditor be paid. We cannot discuss this declaration, because it has not been made the subject of the appeal, and we are forbidden to discuss it of our own motion on account of lack of jurisdiction.

For the reasons stated, the two decisions appealed from in the particulars which are the subject of appeal should be affirmed with the costs against the appellant.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.